

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

ZACHARY W. CARTER
*Corporation Counsel*

Susan P. Scharfstein
*Special Federal Litigation Division*
*212-356-2355*
*Facsimile: (212) 356-3509*
sscharfs@law.nyc.gov

April 11, 2017

Honorable Katherine B. Forrest *(by ECF)*
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: <u>M.J.Williams v. City of New York, et al.</u>, 17 CV 01873 (KBF)

Dear Judge Forrest:

I am an attorney in the office of Zachary W. Carter, the Corporation Counsel of the City of New York, counsel for defendant City of New York in the above-referenced action alleging violations of plaintiff's civil rights. According to the docket sheet, this matter has been assigned to participation in Local Civil Rule 83.10 (the "Plan"). I write to request an adjournment of the initial pre-trial conference that has been set for Friday, May 5, 2017, at 3:00 p.m., to a date after defendant has responded to the complaint in keeping with the provisions of the Plan.

By way of background, in her complaint, plaintiff alleges that, on or about December 14, 2015, she was subjected to a false arrest, excessive force, and retaliation for exercise of her First Amendment rights by New York City police officers, including retired Inspector David Ehrenberg, who has also been named as a defendant, along with ten additional "John Doe" defendant police officers. (See generally Complaint). Plaintiff also alleges similar and analogous New York State law claims. According to the docket sheet, the City was served on or about March 24, 2017. Based on the provisions of the Plan, the date for the City's response is therefore June 12, 2017. Thereafter, defendants anticipate that the parties will meet and confer pursuant to Rule 26(f) and serve the appropriate disclosures in keeping with the Plan.

In the interim, this office will need to conduct an investigation into the underlying facts to prepare for the Rule 26(f) conference and the initial conference by considering the matters contemplated by Federal Rule 16 with the specifics of the case in mind. That investigation entails securing the records underlying the arrest, if any, of the plaintiff and evaluating them vis-à-vis plaintiff's allegations before conducting discussions with any City

employees who may have knowledge of the underlying events so as to prepare an informed and meaningful response to the complaint. We will also need time in which to identify any City employees who were witnesses to the alleged incident, such as the "John Doe" defendants who have been described in the complaint. In our experience, the time afforded by the Plan is necessary to accomplish these tasks. Lastly, we note that plaintiff alleges physical injuries and produced nine releases for medical records at the time that the City was served with the complaint. Defendants are submitting these authorizations to the providers with a request that these non-parties produce the records, and will need time in which to obtain the records.

Moreover, on information and belief, and after discussing with plaintiff's counsel, it appears that the individually-named defendant has not yet been served. As this defendant is now retired from service, I have asked that the NYPD contact him to request his written authorization for service to be made care of the NYPD. I have advised counsel for plaintiff that I will update him accordingly on receipt of the retired officer's response. As the Court is no doubt aware, once service has been effected, pursuant to Section 50-k of the New York General Municipal Law, this office must then determine whether we may represent the officer. The officer, in turn, must then decide whether he wishes to be represented by this office. See Mercurio v. The City of New York, et al., 758 F.2d 862, 864-65 (2d Cir. 1985) (quoting Williams v. City of New York, et al., 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law)). If so, we must obtain the officer's written authorization to represent him. After this procedure has been followed, we can also discuss with the individual defendant his knowledge of the facts and circumstances of the underlying events, which will inform our strategy in responding to the complaint and in handling the defense of this matter.

For the above reasons, defendant City respectfully requests that the initial pre-trial conference now set for May 5, 2017, be adjourned to a date after June 12, 2017, the current date for the City's response to the complaint. No previous request for an adjournment has been made by defendant. Plaintiff's counsel has advised me that he consents to this request.

We thank the Court for its consideration of the above.

Respectfully submitted,

/s/

Susan P. Scharfstein

cc:     All Counsel *(by ECF)*

2