UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

M.J. WILLIAMS,

                                              Plaintiff,

-against-

THE CITY OF NEW YORK, a municipal entity, NYPD
INSPECTOR DAVID EHRENBERG, and NYPD
OFFICERS "JOHN DOES 1 – 10,"


                                            Defendants.

------------------------------------------------------------------------ x

**ANSWER OF DEFENDANTS
CITY OF NEW YORK AND
DAVID EHRENBERG TO
THE COMPLAINT**

17 CV 01873 (KBF)

JURY TRIAL REQUESTED

        Defendants City of New York and David Ehrenberg, by their attorney Zachary W. Carter, Corporation Counsel of the City of New York, for their Answer to the Complaint, respectfully:

        1.      Deny the allegations in paragraph "1" of the Complaint, except admit that plaintiff purports to bring this action as stated therein.

        2.      Deny the allegations in paragraph "2" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning plaintiff's age, whether she is a practicing attorney, whether she is admitted to practice in the State of New York, her beliefs, and whether she has provided legal advice, and admit that she has participated in protests.

        3.      Deny the allegations in paragraph "3" of the Complaint, except admit that plaintiff has participated in protests.

4.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "4" of the Complaint, except admit on information and belief that plaintiff joined the December 14, 2015 protest.

5.      Deny the allegations in paragraph "5" of the Complaint, except admit that plaintiff was arrested and handcuffed.

6.      Deny the allegations in paragraph "6" of the Complaint.

7.      Deny the allegations in paragraph "7" of the Complaint.

8.      Deny the allegations in paragraph "8" of the Complaint, except admit that plaintiff was arrested, and deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding the prosecution.

9.      Deny the allegations in paragraph "9" of the Complaint, except admit that plaintiff purports to bring this action and to invoke the Court's jurisdiction as set forth therein.

10.     Deny the allegations in paragraph "10" of the Complaint, except admit that plaintiff purports to invoke the Court's supplemental jurisdiction as set forth therein.

11.     Deny the allegations in paragraph "11" of the Complaint, except admit that a document purporting to be a notice of claim was received by the Comptroller's Office of the City of New York, that more than thirty days have elapsed, and that the claim has not been adjusted or paid.

12.     Deny the allegations in paragraph "12" of the Complaint, except admit that plaintiff purports to base venue in this district as set forth therein.

13.     State that the allegations in paragraph "13" of the Complaint is a jury demand to which no response is required.

2

14.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "14" of the Complaint.

15.     Admit the allegations in paragraph "15" of the Complaint.

16.     Deny the allegations in paragraph "16" of the Complaint, except admit that the City maintains a police department known as the New York City Police Department, and respectfully refer the Court to the applicable law for a statement of the respective powers and responsibilities of the City and the NYPD.

17.     Deny the allegations in paragraph "17" of the Complaint, except admit that David Ehrenberg was employed as a deputy inspector for the NYPD at the time of the events alleged herein, and was later promoted to the rank of inspector, and admit that plaintiff purports to sue him as set forth therein.

18.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "18" of the Complaint.

19.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "19" of the Complaint.

20.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "20" of the Complaint.

21.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "21" of the Complaint.

22.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "22" of the Complaint.

23.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "23" of the Complaint.

24.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "24" of the Complaint.

25.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "25" of the Complaint, except admit that plaintiff purports to sue the "John Doe" defendants as set forth therein.

26.     State that the allegations in paragraph "26" of the Complaint are legal conclusions to which no response is required.

27.     Deny the allegations in paragraph "27" of the Complaint, except state that the allegations concerning whether actions were done in the scope of employment and/or in furtherance of employment by the City are legal conclusions to which no response is required.

28.     Deny the allegations in paragraph "28" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning the alleged #BlackLivesMatter slogan and movement, and admit that there have been civilian protests at various times in or around 2014 and thereafter.

29.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "29" of the Complaint.

30.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "30" of the Complaint.

31.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "31" of the Complaint, except admit that protests have taken place in or around December of 2014 and thereafter.

32.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "32" of the Complaint.

4

33.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "33" of the Complaint.

34.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "34" of the Complaint.

35.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "35" of the Complaint, except admit that persons appeared to protest in or around Grand Central Terminal on or about the evening of December 14, 2015.

36.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "36" of the Complaint, except admit that the persons who appeared to be protesting left Grand Central Terminal and moved elsewhere.

37.     Deny the allegations in paragraph "37" of the Complaint, except admit that officers policed the vicinity of Fifth Avenue and 50th Street, and that Ehrenberg was one of the police supervisors present.

38.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "38" of the Complaint, except admit that Ehrenberg had previously encountered plaintiff.

39.     Deny the allegations in paragraph "39" of the Complaint.

40.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "40" of the Complaint, except admit that plaintiff was in the vicinity of 50th Street between 5th and 6th Avenues at or about 8:15 p.m.

41.     Deny the allegations in paragraph "41" of the Complaint, except admit that plaintiff was arrested and handcuffed.

42.     Deny the allegations in paragraph "42" of the Complaint.

43.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "43" of the Complaint.

44.     Deny the allegations in paragraph "44" of the Complaint.

45.     Deny the allegations in paragraph "45" of the Complaint, except admit on information and belief that plaintiff was seen by one or more emergency medical technicians.

46.     Deny the allegations in paragraph "46" of the Complaint, except admit on information and belief that plaintiff was processed as an arrest at the precinct.

47.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "47" of the Complaint.

48.     Deny the allegations in paragraph "48" of the Complaint.

49.     Deny the allegations in paragraph "49" of the Complaint, except admit on information and belief that plaintiff was issued a desk appearance ticket.

50.     Deny the allegations in paragraph "50" of the Complaint.

51.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "51" of the Complaint.

52.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "52" of the Complaint.

53.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "53" of the Complaint.

54.     Deny the allegations in paragraph "54" of the Complaint.

55.     Deny the allegations in paragraph "55" of the Complaint.

56.     Deny the allegations in paragraph "56" of the Complaint.

57.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "57" of the Complaint.

58.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "58" of the Complaint, except deny that the NYPD made a false statement or claim.

59.     Deny the allegations in paragraph "59" of the Complaint.

60.     In response to the allegations in paragraph "60" of the Complaint, defendants reallege the responses in the previous paragraphs as if fully set forth herein.

61.     Deny the allegations in paragraph "61" of the Complaint.

62.     Deny the allegations in paragraph "62" of the Complaint and all of its subparts.

63.     Deny the allegations in paragraph "63" of the Complaint.

64.     Deny the allegations in paragraph "64" of the Complaint, except state that the allegations concerning whether actions were done under color of state law and/or with actual and/or apparent authority, are legal conclusions to which no response is required.

65.     Deny the allegations in paragraph "65" of the Complaint.

66.     In response to the allegations in paragraph "66" of the Complaint, defendants reallege the responses in the previous paragraphs as if fully set forth herein.

67.     Deny the allegations in paragraph "67" of the Complaint.

68.     Deny the allegations in paragraph "68" of the Complaint, except admit that plaintiff was arrested.

69.     Deny the allegations in paragraph "69" of the Complaint.

70.     Deny the allegations in paragraph "70" of the Complaint.

7

71.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "71" of the Complaint.

72.     Deny the allegations in paragraph "72" of the Complaint.

73.     In response to the allegations in paragraph "73" of the Complaint, defendants reallege the responses in the previous paragraphs as if fully set forth herein.

74.     Deny the allegations in paragraph "74" of the Complaint.

75.     Deny the allegations in paragraph "75" of the Complaint.

76.     Deny the allegations in paragraph "76" of the Complaint.

77.     Deny the allegations in paragraph "77" of the Complaint.

78.     In response to the allegations in paragraph "78" of the Complaint, defendants reallege the responses in the previous paragraphs as if fully set forth herein.

79.     Deny the allegations in paragraph "79" of the Complaint.

80.     Deny the allegations in paragraph "80" of the Complaint.

81.     Deny the allegations in paragraph "81" of the Complaint.

82.     Deny the allegations in paragraph "82" of the Complaint.

83.     Deny the allegations in paragraph "83" of the Complaint.

84.     In response to the allegations in paragraph "84" of the Complaint, defendants reallege the responses in the previous paragraphs as if fully set forth herein.

85.     Deny the allegations in paragraph "85" of the Complaint.

86.     Deny the allegations in paragraph "86" of the Complaint.

87.     Deny the allegations in paragraph "87" of the Complaint.

88.     Deny the allegations in paragraph "88" of the Complaint.

89.     Deny the allegations in paragraph "89" of the Complaint.

90.     Deny the allegations in paragraph "90" of the Complaint.

91.     In response to the allegations in paragraph "91" of the Complaint, defendants reallege the responses in the previous paragraphs as if fully set forth herein.

92.     Deny the allegations in paragraph "92" of the Complaint.

93.     Deny the allegations in paragraph "93" of the Complaint.

94.     Deny the allegations in paragraph "94" of the Complaint.

95.     Deny the allegations in paragraph "95" of the Complaint.

96.     In response to the allegations in paragraph "96" of the Complaint, defendants reallege the responses in the previous paragraphs as if fully set forth herein.

97.     Deny the allegations in paragraph "97" of the Complaint.

98.     Deny the allegations in paragraph "98" of the Complaint.

99.     Deny the allegations in paragraph "99" of the Complaint.

100.    Deny the allegations in paragraph "100" of the Complaint.

101.    Deny the allegations in paragraph "101" of the Complaint.

102.    In response to the allegations in paragraph "102" of the Complaint, defendants reallege the responses in the previous paragraphs as if fully set forth herein.

103.    Deny the allegations in paragraph "103" of the Complaint.

104.    Deny the allegations in paragraph "104" of the Complaint.

105.    Deny the allegations in paragraph "105" of the Complaint.

106.    Deny the allegations in paragraph "106" of the Complaint.

107.    In response to the allegations in paragraph "107" of the Complaint, defendants reallege the responses in the previous paragraphs as if fully set forth herein.

108.    Deny the allegations in paragraph "108" of the Complaint.

109.    Deny the allegations in paragraph "109" of the Complaint.

110.    Deny the allegations in paragraph "110" of the Complaint.

## FIRST AFFIRMATIVE DEFENSE:

111.    The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE:

112.    Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and/or the intervening conduct of third parties and was not the proximate result of any act of defendants.

## THIRD AFFIRMATIVE DEFENSE:

113.    Defendants have not violated any rights, privileges, or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor have defendants violated any act of Congress providing for the protection of civil rights.

## FOURTH AFFIRMATIVE DEFENSE:

114.    Defendant David Ehrenberg acted reasonably in the lawful and proper exercise of his discretion and has not violated any clearly established constitutional or statutory right of which a reasonable person would have known and, therefore, is entitled to qualified immunity.

## FIFTH AFFIRMATIVE DEFENSE:

115.    At all times relevant to the acts alleged in the Complaint, defendant David Ehrenberg acted reasonably in the proper and lawful exercise of his discretion.

## SIXTH AFFIRMATIVE DEFENSE:

116.    At all times relevant to the acts alleged in the Complaint, the duties and functions of the municipal defendant's officials entailed the reasonable exercise of proper and lawful discretion.  Therefore, defendant City of New York is entitled to governmental immunity from liability.

## SEVENTH AFFIRMATIVE DEFENSE:

117.    Plaintiff has failed to mitigate her alleged damages.

## EIGHTH AFFIRMATIVE DEFENSE:

118.    Plaintiff has failed to comply with New York General Municipal Law §§ 50(e), et seq.

## NINTH AFFIRMATIVE DEFENSE:

119.    This action may be barred, in whole or in part, by the applicable statute of limitations.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

120.    Plaintiff is not entitled to receive punitive damages from the City or its officers in the official capacities.

**WHEREFORE,** defendants City of New York and David Ehrenberg request judgment dismissing the Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:      New York, New York
            June 12, 2017

                              ZACHARY W. CARTER
                              Corporation Counsel of the
                                City of New York
                              *Attorney for Defendants City of New York
                              and David Ehrenberg*
                              100 Church Street
                              New York, NY  10007
                              (212) 356-2355


                    By:       _____
                                            /s/
                              Susan P. Scharfstein


cc:      All counsel of record *(by ECF)*