```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
```

| | |
|---|---|
| M.J. WILLIAMS,<br><br>                                  Plaintiff,<br><br>         -against-<br><br>THE CITY OF NEW YORK, a municipal entity, NYPD INSPECTOR DAVID EHRENBERG, NYPD OFFICER FRANK ESSIG, and NYPD OFFICERS "JOHN DOES" 1-8,<br><br>                                  Defendants. | **DEFENDANTS CITY OF NEW YORK, DAVID EHRENBERG, AND FRANK ESSIG'S ANSWER TO THE AMENDED COMPLAINT**<br><br>17 CV 1873 (KBF)<br><br>Jury Trial Requested |

```
------------------------------------------------------------------ x
```

Defendants City of New York, David Ehrenberg, and Frank Essig, by their attorney, Zachary W. Carter, Corporation Counsel of the City of New York, as and for their answer to the Amended Complaint ("Complaint") filed on July 21, 2017, respectfully allege as follows:

1. Deny the allegations set forth in paragraph "1" of the Complaint, except admit that plaintiff has commenced an action and seeks damages as set forth therein.

2. Deny the allegations set forth in paragraph "2" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning plaintiff's age, whether plaintiff is a practicing attorney, whether plaintiff is admitted to practice in the State of New York, plaintiff's beliefs, and whether plainitff has provided legal advice, and admit, on information and belief, that she has participated in protests.

3. Deny the allegations set forth in paragraph "3" of the Complaint, except admit, on information and belief, that plaintiff has participated in protests.

4. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "4" of the Complaint, except admit, on information and belief, that plaintiff joined the December 14, 2015 protest.

5. Deny the allegations set forth in paragraph "5" of the Complaint, except admit that plaintiff was arrested and handcuffed.

6. Deny the allegations set forth in paragraph "6" of the Complaint.

7. Deny the allegations set forth in paragraph "7" of the Complaint.

8. Deny the allegations set forth in paragraph "8" of the Complaint, except admit, on information and belief, that the New York County District Attorney's office declined to prosecute.

9. Deny the allegations set forth in paragraph "9" of the Complaint, except admit that plaintiff has commenced this action and purports to invoke the Court's jurisdiction as set forth therein.

10. Deny the allegations set forth in paragraph "10" of the Complaint, except admit that plaintiff purports to invoke the Court's supplemental jurisdiction as set forth therein.

11. Deny the allegations set forth in paragraph "11" of the Complaint, except admit that a document purporting to be a notice of claim was received by the Comptroller's Office of the City of New York, that more than thirty days have elapsed, and that the claim has not been adjusted or paid, and state that the allegations concerning whether this action was timely commenced are legal conclusions to which no response is required.

12. Deny the allegations set forth in paragraph "12" of the Complaint, except admit that plaintiff purports to base venue in this district as set forth therein.

13. State that paragraph "13" of the Complaint is a jury demand to which no response is required.

14. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the Complaint.

15. Admit the allegations set forth in paragraph "15" of the Complaint.

16. Deny the allegations set forth in paragraph "16" of the Complaint, except admit that the City maintains a police department known as the New York City Police Department, and respectfully refer to the applicable law for a statement of the respective powers and responsibilities of the City and the NYPD.

17. Deny the allegations set forth in paragraph "17" of the Complaint, except admit that David Ehrenberg was employed by the City of New York as a deputy inspector for the NYPD at the time of the events alleged herein, and was later promoted to the rank of inspector, and that plaintiff purports to sue him as set forth therein.

18. Deny the allegations set forth in paragraph "18" of the Complaint, except admit that Frank Essig was employed by the City of New York as a police officer as a police officer at the time of the events alleged herein.

19. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the Complaint.

20. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the Complaint.

21. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the Complaint.

22. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the Complaint.

23. Deny knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph "23" of the Complaint.

24. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "24" of the Complaint, except admit that plaintiff purports to sue the "John Doe" defendants as set forth therein.

25. State that the allegations set forth in paragraph "25" of the Complaint are legal conclusions to which no response is required.

26. Deny the allegations set forth in paragraph "26" of the Complaint, except state that the allegations concerning whether actions were done in the scope of employment and/or in furtherance of employment by the City are legal conclusions to which no response is required.

27. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "27" of the Complaint, except admit, on information and belief, that there have been civilian protests at various times in or around 2014 and thereafter.

28. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "28" of the Complaint.

29. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "29" of the Complaint.

30. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "30" of the Complaint, except admit, on information and belief, that protests have taken place in or around December of 2014 and thereafter.

31. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "31" of the Complaint.

32. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "32" of the Complaint.

33. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "33" of the Complaint.

34. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "34" of the Complaint, except admit that persons

appeared to protest in or around Grand Central Terminal on or about the evening of December 14, 2015.

35. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "35" of the Complaint, except admit that the persons who appeared to be protesting left Grand Central Terminal and moved elsewhere.

36. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "36" of the Complaint, except admit that officers policed the vicinity of Fifth Avenue and 50th Street, and that Ehrenberg was one of the police supervisors present.

37. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "37" of the Complaint, except admit that Ehrenberg had previously encountered plaintiff.

38. Deny the allegations set forth in paragraph "38" of the Complaint.

39. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "39" of the Complaint.

40. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "40" of the Complaint.

41. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "41" of the Complaint.

42. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "42" of the Complaint, except admit that plaintiff was in the vicinity of 50th Street between 5th and 6th Avenues at or about 8:15 p.m.

43. Deny the allegations set forth in paragraph "43" of the Complaint.

44. Deny the allegations set forth in paragraph "44" of the Complaint, except admit that plaintiff was arrested and handcuffed.

45. Deny the allegations set forth in paragraph "45" of the Complaint.

46. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "46" of the Complaint.

47. Deny the allegations set forth in paragraph "47" of the Complaint.

48. Deny the allegations set forth in paragraph "48" of the Complaint.

49. Deny the allegations set forth in paragraph "49" of the Complaint, except admit, on information and belief, that plaintiff was seen by one or more emergency medical technicians at the precinct.

50. Deny the allegations set forth in paragraph "50" of the Complaint, except admit, on information and belief, that plaintiff was processed as an arrest at the precinct.

51. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "51" of the Complaint.

52. Deny the allegations set forth in paragraph "52" of the Complaint.

53. Deny the allegations set forth in paragraph "53" of the Complaint, except admit that plaintiff was issued and desk appearance ticket for obstructing governmental administration.

54. Deny the allegations set forth in paragraph "54" of the Complaint.

55. Deny the allegations set forth in paragraph "55" of the Complaint, except admit, on information and belief, that the New York County District Attorney's Office declined to prosecute plaintiff.

56. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "56" of the Complaint.

57. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "57" of the Complaint.

58. Deny the allegations set forth in paragraph "58" of the Complaint.

59. Deny the allegations set forth in paragraph "59" of the Complaint.

60. Deny the allegations set forth in paragraph "60" of the Complaint.

61. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "61" of the Complaint.

62. Deny the allegations set forth in paragraph "62" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning whether plaintiff was given access to her mobile phone to call her lawyer.

63. Deny the allegations set forth in paragraph "63" of the Complaint.

64. In response to the allegations set forth in paragraph "64" of the Complaint, defendants repeat and reallege the responses set forth in the previous paragraphs.

65. Deny the allegations set forth in paragraph "65" of the Complaint.

66. Deny the allegations set forth in paragraph "66" of the Complaint and all of its subparts.

67. Deny the allegations set forth in paragraph "67" of the Complaint.

68. Deny the allegations set forth in paragraph "68" of the Complaint.

69. Deny the allegations set forth in paragraph "69" of the Complaint.

70. In response to the allegations set forth in paragraph "70" of the Complaint, defendants repeat and reallege the responses set forth in the previous paragraphs.

71. Deny the allegations set forth in paragraph "71" of the Complaint.

72. Deny the allegations set forth in paragraph "72" of the Complaint, except admit that plaintiff was arrested.

73. Deny the allegations set forth in paragraph "73" of the Complaint.

74. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "74" of the Complaint.

75. Deny the allegations set forth in paragraph "75" of the Complaint, except admit, on information and belief, that the New York County District Attorney's office declined to prosecute plaintiff.

76. Deny the allegations set forth in paragraph "76" of the Complaint.

77. In response to the allegations set forth in paragraph "77" of the Complaint, defendants repeat and reallege the responses set forth in the previous paragraphs.

78. Deny the allegations set forth in paragraph "78" of the Complaint.

79. Deny the allegations set forth in paragraph "79" of the Complaint.

80. Deny the allegations set forth in paragraph "80" of the Complaint, except admit that defendant Ehrenberg had previously encountered plaintiff.

81. Deny the allegations set forth in paragraph "81" of the Complaint.

82. Deny the allegations set forth in paragraph "82" of the Complaint.

83. Deny the allegations set forth in paragraph "83" of the Complaint.

84. Deny the allegations set forth in paragraph "84" of the Complaint.

85. In response to the allegations set forth in paragraph "85" of the Complaint, defendants repeat and reallege the responses set forth in the previous paragraphs.

86. Deny the allegations set forth in paragraph "86" of the Complaint.

87. Deny the allegations set forth in paragraph "87" of the Complaint.

88. Deny the allegations set forth in paragraph "88" of the Complaint.

89. Deny the allegations set forth in paragraph "89" of the Complaint.

90. Deny the allegations set forth in paragraph "90" of the Complaint.

91. In response to the allegations set forth in paragraph "91" of the Complaint, defendants repeat and reallege the responses set forth in the previous paragraphs.

92. Deny the allegations set forth in paragraph "92" of the Complaint.

93. Deny the allegations set forth in paragraph "93" of the Complaint.

94. Deny the allegations set forth in paragraph "94" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning plaintiff's subjective state of mind.

95. Deny the allegations set forth in paragraph "95" of the Complaint.

96. Deny the allegations set forth in paragraph "96" of the Complaint.

97. Deny the allegations set forth in paragraph "97" of the Complaint.

98. In response to the allegations set forth in paragraph "98" of the Complaint, defendants repeat and reallege the responses set forth in the previous paragraphs.

99. Deny the allegations set forth in paragraph "99" of the Complaint.

100. Deny the allegations set forth in paragraph "100" of the Complaint.

101. Deny the allegations set forth in paragraph "101" of the Complaint.

102. Deny the allegations set forth in paragraph "102" of the Complaint.

103. In response to the allegations set forth in paragraph "103" of the Complaint, defendants repeat and reallege the responses set forth in the previous paragraphs.

104. Deny the allegations set forth in paragraph "104" of the Complaint.

105. Deny the allegations set forth in paragraph "105" of the Complaint.

106. Deny the allegations set forth in paragraph "106" of the Complaint.

107. Deny the allegations set forth in paragraph "107" of the Complaint.

108. Deny the allegations set forth in paragraph "108" of the Complaint.

109. In response to the allegations set forth in paragraph "109" of the Complaint, defendants repeat and reallege the responses set forth in the previous paragraphs.

110. Deny the allegations set forth in paragraph "110" of the Complaint.

111. Deny the allegations set forth in paragraph "111" of the Complaint.

112. Deny the allegations set forth in paragraph "112" of the Complaint.

113. Deny the allegations set forth in paragraph "113" of the Complaint.

114. In response to the allegations set forth in paragraph "114" of the Complaint, defendants repeat and reallege the responses set forth in the previous paragraphs.

115. Deny the allegations set forth in paragraph "115" of the Complaint.

116. Deny the allegations set forth in paragraph "116" of the Complaint.

117. Deny the allegations set forth in paragraph "117" of the Complaint.

### FIRST AFFIRMATIVE DEFENSE

118. The amounts recoverable by plaintiff are subject to limitation pursuant to Section 1601 of the Civil Practice Law and Rules, by reason of the culpable conduct of other person(s) who are, or with reasonable diligence could have been made party defendant(s) to this action, or pursuant to Section 15-108 of the General Obligations Law, by reason of a prior settlement between plaintiff and said person(s), or pursuant to Section 4545 of the Civil Practice Law and Rules are subject to reduction by collateral sources received by plaintiff.

### SECOND AFFIRMATIVE DEFENSE

119. The individual defendants are immune from suit under state law for the exercise of their discretion in the performance of a governmental function and/or their exercise of professional judgment.

### THIRD AFFIRMATIVE DEFENSE

120. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct or the culpable or negligent conduct of third parties, and was not the proximate result of any act of defendants.

### FOURTH AFFIRMATIVE DEFENSE

121. Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United State or the State of New York or any political subdivision thereof, nor have defendants violated any act of Congress providing for the protection of civil rights.

### FIFTH AFFIRMATIVE DEFENSE

122. Punitive damages cannot be assessed as against the City of New York or as against the individual defendants in their official capacities.

### SIXTH AFFIRMATIVE DEFENSE

123. There was probable cause to arrest plaintiff.

### SEVENTH AFFIRMATIVE DEFENSE

124. The individual defendants acted reasonably in the proper and lawful exercise of their discretion and did not violate any clearly established constitutional or statutory right of which a reasonable person would have known and, therefore, are entitled to qualified immunity.

### EIGHTH AFFIRMATIVE DEFENSE

125. To the extent that the Complaint alleges any claims arising under the laws of the State of New York, such claims are barred in whole or in part by reason of plaintiff's failure to comply with the requirements of the New York General Municipal Law, §§ 50-e, 50-h and/or 50-i.

## NINTH AFFIRMATIVE DEFENSE

126. Plaintiff has failed to mitigate her alleged damages.

## TENTH AFFIRMATIVE DEFENSE

127. At all times relevant to the acts alleged in the complaint, the duties and functions of municipal defendant's officials entailed the reasonable exercise of proper and lawful discretion. Therefore, the City is entitled to governmental immunity from liability.

## ELEVENTH AFFIRMATIVE DEFENSE

128. Plaintiff's claims may be barred, in whole or in part, by the applicable limitations periods.

## TWELFTH AFFIRMATIVE DEFENSE

129. This action may be barred, in whole or in part, by the doctrines of res judicata, collateral estoppel, and/or judicial estoppel.

## THIRTEENTH AFFIRMATIVE DEFENSE

130. Plaintiff provoked or was at fault for any alleged incident.

## FOURTEENTH AFFIRMATIVE DEFENSE

131. The Complaint fails to state a claim upon which relief can be granted.

**WHEREFORE**, defendants demand judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
January 5, 2018

ZACHARY W. CARTER
Corporation Counsel of the City of New York
*Attorney for Defendants City of New York, David Ehrenberg, and Frank Essig*
100 Church Street
New York, New York 10007
(212) 356-2355
sscharfs@law.nyc.gov

By: _____/s/_____
SUSAN P. SCHARFSTEIN