# SAMUEL B. COHEN

WWW.SAMCOHENLAW.COM

---

### ATTORNEY & COUNSELOR AT LAW

1370 BROADWAY FLOOR 5
NEW YORK, NY 10003
T/F (212) 537-5919
SAM@SAMCOHENLAW.COM

February 22, 2018

**VIA ECF**
Hon. Katherine B. Forrest
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007

  Re: *Williams v. City of New York, et al.* – 17cv1873 (KBF)
     Letter Motion for Leave To Appear In Limited Capacity *Nunc Pro Tunc*

Dear Honorable Judge Forrest:

  As noted in my notice of appearance filed in this matter on February 2, 2018, I have been retained to act as counsel for Plaintiff M.J. Williams in the above-referred matter in the limited capacity of representing Plaintiff in and around deposition practice and related issues in this matter. Your Honor noted to me in a telephone conference with the Court yesterday, February 21, 2018, that leave of the Court is required and should have been sought for my contemplated limited appearance in this matter. I again apologize for this omission and ask the Court to consider and accept the instant letter motion for leave to appear in a limited capacity in this matter *nunc pro tunc*.[1] I offer the facts contained in the instant submission under penalty of perjury in support of this application.

  By way of personal background, I am a solo practitioner who has litigated numerous §1983 actions in the United States Southern and Eastern District Courts for New York, both in my own personal capacity and with my prior firm of Stecklow Cohen & Thompson, now

---

[1] In my urgency to cure my omission, I am preparing this submission between depositions in this case. The deposition of Plaintiff concluded last night at or around 7:45 P.M., after which I began this submission, and I continued drafting this submission around the deposition of a party witness in this matter which commenced at 10:30 A.M. this morning and concluded at around 2:30 P.M. this afternoon. To the extent that my haste to cure my omission results in any procedural deficiencies in this submission, I respectfully request leave of the Court to address any such deficiencies in a subsequent filing.

Stecklow & Thompson following my amicable departure in 2015. I left Stecklow & Thompson in order to support my wife's career and focus on family life while maintaining a more modest practice than my friends and former partners, Wylie Stecklow and David Thompson.

Since 2015, I have mainly appeared in this Court as co-counsel to other attorneys, including limited appearances for deposition practice only in the matters of *Perez v. City of New York et al.*, 15cv1913(JPO) and *HNY LLC v. Zaytsev et al.*, 16cv8059(PKC). My appearances in these matters were limited to discovery and deposition practice, although I requested and received authority to discuss settlement with opposing counsel in *Perez* and assisted in facilitating settlement of that matter. Perhaps because of the general appearances of other counsel in those cases, I was not required to seek leave for my prior limited appearances in this jurisdiction, and I apologize for my ignorance of the need for leave of the Court to appear in a limited capacity.

I submit that a limited representation is appropriate here because 1) I am well qualified to assist Ms. Williams with deposition practice and related issues in this matter; 2) Ms. Williams is a competent attorney with whom I can have sophisticated discussions regarding the needs of the case and the litigation process, as I would with co-counsel; and 3) Ms. Williams would be better-served by retaining additional or other counsel to the extent that she desires assistance with the conduct of trial in this matter. Over the course of my career, I have conducted and defended party and witness depositions of approximately eighty (80) individuals in §1983 actions against Defendant City of New York and related parties in cases before Federal Courts in the Southern District of New York involving the New York City Police Department, and responded to defense dispositive motion practice pursuant to Federal Rules 12 and 56 in approximately a dozen of such §1983 actions. I have taught CLE courses in deposition and discovery practice in §1983 actions for the New York County Lawyers' Association CLE institute, and the online CLE provider Lawline.com presently offers several of my CLE presentations on issues of constitutional law relating to §1983 practice. My most recent Lawline CLE on qualified immunity issues in §1983 practice was promoted by the law blog "Above The Law" as their complementary CLE of the month for February 2018.

However, I have never acted as trial counsel in Federal Court, as substantially all of the actions that I have filed in Federal Courts have resolved without trial, with the vast

majority in resolving in settlements. In the one (1) Federal §1983 matter that I have appeared in as counsel that has proceeded to trial, *Gersbacher v. Winski*, 14cv7600(GHW), my co-counsel Wylie Stecklow and I engaged Cary London of London Indusi LLP as trial counsel, and my involvement in the matter substantially ended after dispositive motion practice. I do conduct trial practice in other courts, most recently securing the full acquittal of a client in a bench trial in New York County Criminal Court in January of 2018, but I submit that my strength as counsel is in pre-trial matters.

The Plaintiff in this matter, M. J. Williams, is an attorney duly licensed to practice before this Court, and is presently representing herself in this matter in addition to my counsel as to deposition practice and related matters. Ms. Williams and I have been friendly acquaintances since we attended law school together at Brooklyn Law School approximately a decade ago, and we have regularly consulted each other on legal matters in one another's spheres of experience over that time. Ms. Williams contacted me on January 12, 2018 regarding the instant matter, and we met to discuss it for the first time on January 22, 2018. In sum and substance, Ms. Williams conveyed to me that depositions were being scheduled in this matter, and that she was concerned that she would not be able to adequately or appropriately conduct and defend those depositions, including her own deposition as Plaintiff, without assistance, which she asked me to provide. I reviewed the pleadings and initial disclosures in this action on January 17, 2018, satisfied myself as to the seriousness and viability of Ms. Williams' claims, and at our January 22 meeting provided her with suggestions for counsel to approach for her needs in the case going forward. I indicated to Ms. Williams that while I could be able to conduct depositions for her in this matter, that I have no trial experience before this Court, and that it may be better for her to find an attorney who could also act as trial counsel in this matter. Ms. Williams contacted me the following week and indicated that none of my recommendations for general counsel had been fruitful, and again asked me to represent her in depositions in this matter.

In our ensuing discussions, I agreed to represent Ms. Williams in depositions in this matter, and on February 2, 2018, Ms. Williams and I executed a limited representation retainer and I filed my limited notice of appearance in this matter. My retainer in this matter states the following matters as within the contours of my representation:

"(I.) preparing the Client and other Plaintiff-associated witnesses for depositions;

(II.) preparing for and taking the deposition of Defendants and Defense-associated witnesses;

(III) overseeing and advancing related matters in discovery; and

(IV.) advising the Client and communicating with opposing counsel regarding a negotiated resolution of the Client's present dispute ("Client's business")."

As stated above, in addition to the deposition practice that she and I had discussed, I additionally asked Ms. Williams for authorization to discuss settlement-related issues in this matter for two reasons. First and foremost, it has been my experience that deposition practice often leads organically to discussions of settlement, and I wanted to have authority to engage in those discussions should the opportunity arise, as I believe this is a case where settlement should be desirable to defendants and pursued in earnest. Second, Ms. Williams had conveyed to me that she has had difficulties in establishing and maintaining a collegial rapport with Defendants' Counsel in this matter, and I hoped that I would be able to do so to advance settlement discussions in this matter. I respectfully submit that conduct of depositions and discussions of settlement are connected aspects of this matter, that both can appropriately fall within the scope of a limited representation herein.

In connection with point (III) of the scope of my agreed-to representation in this matter, I conducted a complete review of Ms. Williams' discovery practice to date, and advised her on additional disclosures to be made in advance of her deposition,[2] conducted yesterday. In this capacity, I assisted Ms. Williams in the preparation of a supplemental itemization of damages that Defendants had requested be served by a date certain prior to Ms. Williams' deposition, which was discussed at deposition. I also advised Ms. Williams to make production in advance of her deposition of a news article that I knew to be responsive one of Defendants' discovery requests, which she did. I submit that these activities are rationally related to the conduct of effective deposition practice in this matter, and were necessary to prepare for Ms. Williams' deposition.

---

[2] Defendants' Counsel requested at Ms. Williams' deposition that I disclose my assistance in preparing Ms. Williams' supplemental damages disclosure. I worked with Ms. Williams on preparing this requested supplemental disclosure, and provided Ms. Williams with proposals for damages estimates to submit, based on my review of comparable case verdicts and settlements contained in my files and records.

I agreed to help Ms. Williams with depositions in this matter as a favor to a friend and colleague with a time-sensitive need, and I submit that she and I have crafted and agreed-to a rational scope for a limited representation in this matter. I further submit that this limited representation will cause no prejudice or confusion to opposing counsel, but will instead will allow to this litigation to effectively proceed towards resolution. For all of the reasons stated above, I respectfully request that this Court allow my limited appearance herein on the terms agreed-to by myself and Ms. Williams *nunc pro tunc*.

We thank the Court for its consideration. If Your Honor requires any additional materials or information in support of this request, please do not hesitate to have your clerks contact us.

Respectfully Submitted,

~//s//~

Samuel B. Cohen, Esq.

cc: via ECF

M.J. Williams, Esq.

Susan Scharfstein, Esq.

Ordered

Unless the defendant has a basis to oppose, the Court grants the application, nunc pro tunc.

/s/ KBF
USDJ
2/23/18