

ZACHARY W. CARTER
*Corporation Counsel*

THE CITY OF NEW YORK
# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

Susan P. Scharfstein
*Special Federal Litigation Division*
*212-356-2355*
*Facsimile: (212) 356-3509*
sscharfs@law.nyc.gov

February 23, 2018

Honorable Katherine B. Forrest *(by ECF)*
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

    Re: <u>M.J.Williams v. City of New York, et al.</u>, 17 CV 01873 (KBF)

Dear Judge Forrest:

    I represent defendants City of New York, David Ehrenberg, and Frank Essig in the above-referenced action. I write with reference to the application of attorney Samuel Cohen to engage in a limited scope representation on behalf of plaintiff, which Mr. Cohen filed yesterday. Earlier today, the court granted the application conditional on defendants having a basis to oppose the application.

    As set forth below, while defendants do not oppose in concept a limited scope representation, defendants oppose the proposed representation "in and around deposition practice and related issues," as it is currently crafted, on the basis that it lacks clarity and potentially may prejudice defendants.

    By way of background, when Mr. Cohen first appeared, defendants understood that plaintiff would continue to handle all matters relating to written and document discovery, with Mr. Cohen to handle only depositions. Since deposition discovery commenced on February 21, 2018, however, the picture that has emerged so far appears to be different. During the depositions, Mr. Cohen has spoken to and interposed objections based on written discovery matters. It thus appears that Mr. Cohen intends to selectively address issues of written and

document discovery. It remains unclear what other "related" issues may arise "in and around deposition practice."[1]

Defendants are concerned that, as a result, there may be confusion as to whether plaintiff is handling particular matters or whether the issues are to be handled by her limited-scope counsel. In context of this litigation, Mr. Cohen has appeared in this matter relatively late in the discovery period. Discovery is set to close at the end of next month and, in the interim, the parties have many tasks to accomplish. It appears that the parties are agreed that discovery must proceed apace so as to meet the Court-ordered deadline. It is inevitable that written and deposition discovery will intersect, as the history of this case has proven. Defendants will be placed in an untenable situation if it is not clearcut whether plaintiff or Mr. Cohen (both of whom are busy attorneys who cannot be expected always to be immediately available) will be handling a particular issue and delay were to occur for that reason. I note further that I am the only attorney handling this matter for defendants and, I too, have many other active pending cases. In these circumstances, the proposed arrangement is impractical.

For these reasons, defendants ask that the Court direct plaintiff and Mr. Cohen to specify in more detail and with greater clarity which litigation tasks Mr. Cohen will be handling going forward, as a condition of the limited scope representation.

Defendants thank the Court for its consideration of the above.

Respectfully submitted,

/s/

Susan P. Scharfstein

cc: All Counsel *(by ECF)*

---

[1] On pages 3 to 4 of his letter, Mr. Cohen quotes his retainer agreement, as stating, in relevant part, as follows: (II) preparing for and taking the <u>deposition</u> of Defendants and Defense-associated witnesses; (III) overseeing and advancing <u>related matters in discovery</u> . . ." (emphasis added). Later on, also on page 4 of his letter, Mr. Cohen also indicates that he regards at least certain written discovery as "rationally related to the conduct of effective deposition practice in this matter . . ." He also references the scope of his proposed representation as involved "deposition practice and related issues" on pages 2 and 3 of his letter.